IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 6 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-00577-OES

REVERAND [sic] DEREK W. BARRINGER, PHD,

   Plaintiff,

v.

LARIMER COUNTY SHERIFF'S OFFICE,
LARIMER COUNTY DETENTION CENTER,
SHERIFF JIM ALDERDEN, and
CPI NAIL, # 95049,

   Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff Reverend Derek W. Barringer, Ph.D., is incarcerated at the Colorado Department of Corrections and currently is held at the Denver Reception and Diagnostic Center. On March 22, 2005, Plaintiff submitted to the Court a Prisoner Complaint. The Court must construe the Complaint liberally, because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which [a] plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

In the Complaint, Plaintiff alleges three claims regarding his conditions of confinement during the time he was held at the Larimer County Detention Center. In Claim One, he asserts that he was refused a copy of a "criminal history," which the Court assumes is Plaintiff's criminal history. He also alleges that people were calling him a child molester, but when he told Deputy Hagermand that he was being called a child molester all Deputy Hagermand said was "so what all you are is a criminal to me." (Compl. at 4.) In Claim Two, Plaintiff asserts that Defendant Nail refused to allow him access to a telephone, so that he could call his family and check on his grandmother, who was sick. In Claim three, Plaintiff alleges that he was refused a "no meat diet." (Compl. at 5.) He also states, in Claim Three, that Major Smith told him that his grievances were lost "on all this." (Compl. at 6.) Plaintiff seeks monetary damages. He also asserts that he exhausted his administrative remedies, but that the grievances have been lost.

Plaintiff fails to assert whether he was a prisoner or a pretrial detainee. If he was a pretrial detainee at the time the alleged claims arose, these claims properly are asserted pursuant to the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Nonetheless, whether he was a pretrial detainee or a prisoner, the Eighth Amendment provides the analytical framework for Plaintiff's claims. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). The core areas entitled to protection by the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992). "[T]he Eighth Amendment, which specifically is concerned with the unnecessary and wanton infliction of pain in penal institutions,

serves as the primary source of substantive protection to convicted prisoners." ***Whitley v. Albers***, 475 U.S. 312, 327 (1986); *see also **Adkins v. Rodriguez***, 59 F.3d 1034, 1037 (10th Cir. 1995) (noting that the Eighth Amendment is the explicit textual source of constitutional protection in the prison context).

To establish liability under the Eighth Amendment, Plaintiff must show, in part, that Defendants acted with deliberate indifference to his health or safety. *See **Farmer v. Brennan***, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Although Plaintiff has failed to list Deputy Hagermand as a Defendant in the action, the claim he asserts against him, in Claim One, fails to state either a First or Eighth Amendment claim. Plaintiff does not allege that he incurred physical injury simply because Mr. Hagermand disregarded Plaintiff's mention that other people called him a child molester. Further, to the extent that Plaintiff is alleging that Mr. Hagermand was attempting to harass him by his comments to Plaintiff, verbal harassment, without more, does not state an arguable constitutional claim. *See **Northington v. Jackson***, 973 F.2d 1518, 1524 (10th Cir. 1992); ***Cumbey v. Meachum***, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); ***Collins v. Cundy***, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam).

Even if the Court were to conclude that Mr. Hagermand's acts amounted to gross negligence, the constitutional claim still must be dismissed, because deliberate

indifference requires a higher degree of fault than gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990).

With respect to Claim Two, Plaintiff again fails to assert a constitutional deprivation. He does not assert an injury, nor does he claim that he was denied access to a telephone in general, only that he was denied access to make a personal call on one occasion, when Defendant Nail refused to allow him to do so. Furthermore, he is not asserting that he was denied all forms of communicating with his family and that he could not obtain information of his grandmother's condition from other family members. Therefore, the Court finds that Plaintiff fails to assert either a First or a Fourteenth Amendment claim in Claim Two.

As for Claim Three, Plaintiff does not assert who denied his request for a non-meat diet or for how long the request was denied. Furthermore, Plaintiff fails to assert why he has a constitutional right to a non-meat diet. The Court, however, takes notice of a separate case, Case No. 05-00576-OES, that Plaintiff has pending in this Court. In Case No. 05-00576-OES, Plaintiff alleges that he is a Hebrew Israelite and that during his transport from Florida to Colorado the transport officer, in violation of his First Amendment rights, refused to provide him with a non-meat diet. Therefore, the Court will direct Plaintiff to amend Claim Three to set forth who denied him his right to a non-meat diet and for how long, and why he has a constitutional right to a non-meat diet.

Plaintiff also should note that pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all

4

inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Plaintiff is a prisoner confined in a correctional facility and his claims relate to prison conditions. Therefore, Plaintiff must exhaust the available administrative remedies. Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 335 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Also, Plaintiff is required to exhaust all claims. *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004).

Plaintiff has failed to meet the *Steele* requirement. Plaintiff's response to question two, under section "F. Administrative Relief" of the Complaint form, does not state with specificity how he exhausted his administrative remedies. Although Plaintiff states that he "went all the way to the sheriff[,]" . . . but thay [sic] got lost . . . [,]" he does not assert with specificity when he filed each required step, the subject of each grievance, and when he exhausted his remedies. Accordingly, it is

ORDERED that Plaintiff shall file, within thirty (30) days from the date of this Order, an Amended Complaint, including an original and sufficient copies, that complies with this Order and states how he exhausted his administrative remedies in keeping with *Steele v. Fed. Bureau of Prisons*, 335 F.3d 1204, 1210 (10th Cir. 2003). It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States

District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Plaintiff fails to file within thirty (30) days from the date of this Order an Amended Complaint that complies, to the Court's satisfaction, with this Order the action will be dismissed without further notice.

DATED at Denver, Colorado, this 15th day of August, 2005.

BY THE COURT:

/s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00577-OES

Derek W. Barringer
Prisoner No. 113974
DRDC
PO Box 392004
Denver, CO 80239-8004

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _8-16-05_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk